

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 2, 1975

The Honorable Sam Kelley
Commissioner
Consumer Credit Commission
P. O. Box 2107
Austin, Texas

Opinion No. H- 598

Re: Validity of the Finance
Commission Regulation 4.03
requiring that property
insurance written in connec-
tion with certain loans be
written at rates not in excess
of rates approved by the
State Board of Insurance.

Dear Mr. Kelley:

You have requested our opinion concerning the validity of Regulation 4.03, which was adopted by the Finance Commission pursuant to the rule making authority provided by article 5069-3.12 of the Credit Code, V. T. C. S.

Regulation 4.03 provides:

> Section 4.03. INSURANCE PREMIUMS - FIXED OR APPROVED/NOT FIXED OR APPROVED. Any property insurance written in connection with a loan made under the provisions of Chapter 3 of the Texas Credit Code must be written at rates not in excess of the rates fixed or approved by the State Board of Insurance where a rate structure is so fixed or approved for a particular type of insurance. If rates are not fixed or approved by the State Board of Insurance for a particular type coverage, the licensee must obtain prior acknowledgment from the Consumer Credit Commissioner that such coverage and rates are reasonable in relation to loans made under Chapter 3 of the Texas Credit Code. <u>In addition, a licensee writing insurance at rates not fixed or approved must adhere to any conditions and procedures the Commissioner may deem necessary within his authority under Article 3.18 of the Texas Credit Code. Insurance</u>

> not written at rates fixed or approved by the State Board
> of Insurance is subject to cancellation or adjustment if
> such insurance is not written in accordance with the con-
> ditions and procedures established by the Commissioner.
> (Article 3.18) (Emphasis added)

Article 5069 provides in part:

> (1) The State Finance Commission may make regu-
> lations necessary for the enforcement of this Chapter and
> consistent with all of its provisions. . . . The Consumer
> Credit Commissioner shall recommend, and the State
> Finance Commission, after consideration of all relevant
> matters presented, shall adopt and promulgate every
> regulation in written form stating the date of adoption
> and the date of promulgation.

Article 5069-2.02(4) provides in part:

> The Consumer Credit Commissioner shall enforce
> the provisions of Chapters 2, 3, 4, 5, 6, 7, 8 and 9
> of this Title. . . .

The Legislature has therefore delegated the power to enforce the Act to the Commissioner and the power to adopt rules and regulations to the Finance Commission. The Commissioner does not have rule-making authority under these provisions. See Attorney General Opinion C-130 (1963).

Regulation 4.03 contains three pertinent elements. (1) Property insurance may not be written at rates in excess of those fixed or approved by the State Board of Insurance, where a rate structure has been fixed or approved for that type of insurance. (2) If such a rate structure has not been fixed or approved, prior acknowledgment that the coverage and rates are reasonable must be obtained from the Commissioner. (3) The Commissioner is to establish conditions and procedures for the writing of insurance policies when there has been no rate structure promulgated.

With respect to the requirement of consistency with rate structures which have been promulgated by the Board of Insurance, article 5069 provides in part:

> Such insurance and the premiums or charges therefor
> shall bear a reasonable relationship to the amount, term
> and conditions of the loan, the value of the collateral,
> the existing hazards or risk of loss, damage or destruction,
> and shall not provide for unusual or exceptional risks or
> coverages which are not ordinarily included in policies
> issued to the general public.

Rate structures promulgated by the Board of Insurance must be "just, reasonable, and adequate." Insur. Code, arts. 5.01, 5.14, 5.25. The similarity of the standards established by the two codes, as well as the recognized expertise of the Board of Insurance, in our opinion fully justifies the first part of Regulation 4.03. The Finance Commission, in the exercise of its power to adopt regulations consistent with the Credit Code, may regulate insurance policies to insure their compliance with section 3.18(2), and may do so by reference to the rate structures promulgated by the Board of Insurance.

It has been suggested that section 3.18(3) of the Credit Code requires an opposite result. In pertinent part it provides:

> . . . when any requested or required insurance is
> sold or procured by the licensee at a premium or rate
> of charge not fixed or approved by the State Board of
> Insurance, . . . the borrower shall have the option for
> a period of five days from the date of loan of furnishing
> the required insurance coverage either through existing
> policies . . . or of procuring and furnishing equivalent
> insurance coverage . . .

In our view this section in no way grants lenders a right to place insurance at rates higher than those set by the Board of Insurance for the particular type involved. It merely gives the borrower a right to secure his own coverage in those instances where the rates involved are greater than the rates set by the Board of Insurance or where the Board has not promulgated a rate structure for the particular type of insurance involved. It is our belief that it is the latter instance to which the statute is primarily addressed, for shortly prior to the adoption of the Act, the Board of Insurance stopped promulgating rate structures applicable to some types of insurance involved in consumer credit practice. This statute principally provides a procedure by which policies may be written when there is no applicable rate structure.

The second two portions of Regulation 4.03 empower the Commissioner to impose conditions concerning insurance policies for which a rate structure has not been promulgated by the Board of Insurance and to determine whether premiums for such insurance are reasonable.

As previously noted, the Commissioner has statutory authority to enforce the Act and the Finance Commission's regulations.  "Enforce" has been defined in part as "to compel obedience to."  20 Corpus Juris. 1256, cited in Dozier v. City of Gatesville, 51 S.W.2d 1091, 1094 (Tex. Civ. App. --Waco 1932).  In our view it is clear that the Commissioner's enforcement authority requires him to determine on a case-by-case basis whether rates are reasonable as defined by article 5069-3.18(2).  However, the Commissioner may promulgate conditions and procedures only to the extent necessary to his enforcement power.  Construing Regulation 4.03 to uphold its validity, Railroad Commission v. Shell Oil Co., 161 S.W.2d 1022 (Tex. Sup. 1942), in our opinion the conditions and procedures referred to are either clerical or are involved in a determination of reasonableness.  It is our understanding that the Commissioner has so interpreted Regulation 4.03, and in accordance with that determination has conditioned approval on a requirement that certain clauses be included in various policies.  This type of condition is in our view valid as a form of implementation of the Commissioner's enforcement power.

## SUMMARY

Regulation 4.03 of the Texas Credit Code is valid insofar as it requires insurance policies to be written consistent with rate structures promulgated by the Board of Insurance.  In addition, the Consumer Credit Commissioner may enforce the statutory standard of reasonableness, and may set conditions and procedures involved in his determination of whether a policy is reasonable.  He may not enact rules and regulations as this function is to be exercised by the Finance Commission.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee